UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| EDMOND B. DERAMUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-00275-JRG-HBG |
| | ) | |
| BUD MCCOIG, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil matter is before the Court on Defendant's motion for summary judgment. [Doc. 16]. Plaintiff, proceeding pro se, responded in opposition [Doc. 19], and Defendant replied [Doc. 20]. Without requesting leave of Court, Plaintiff filed a sur-reply [Doc. 21]. For the reasons set forth below, the Court will **GRANT** Defendant's motion for summary judgment.

I.  **BACKGROUND**

In the Order dated November 7, 2016, this Court dismissed the claims against Bug McCoig ("Defendant") with the exception of Plaintiff's claim that Defendant denied him prescription medication while incarcerated [Doc. 10]. The Court summarized this remaining Eighth Amendment claim at issue in this motion for summary judgment as follows:

> On January 15, 2016, Plaintiff was arrested on an outstanding warrant and was taken to Tennova Hospital of Jefferson City to be treated for injuries sustained during his arrest [Doc. 1 at 2]. Plaintiff claims that he was "going in and out of consciousness" and was "treated for a broken hand" [*Id*.]. A partial cast was placed on Plaintiff's wrist and he was given medication for the pain [*Id*.]. Upon checking Plaintiff's vitals, the doctor ordered Plaintiff to be hospitalized due to severely high blood pressure [*Id*.]. Plaintiff was placed on an IV and given blood pressure medication [*Id*.]. Over twenty-four hours passed before Plaintiff's blood pressure dropped to a "safe level" [*Id*. at 2]. Plaintiff was prescribed Narvask, a medication to control his blood pressure, and Oxycodone, for the pain in his broken wrist [*Id*.].

> The following day, Plaintiff was released from the hospital and booked into Jefferson County Jail [*Id.*]. Plaintiff asserts that Deputy Cameron contacted Defendant Sheriff Bud McCoig ("Defendant") to request permission to fill Plaintiff's prescriptions but Defendant refused to fill the prescriptions [*Id.*]
>
> . . .
>
> Plaintiff claims that he was denied medical care in violation of his Eighth Amendment rights when Defendant refused to fill his prescriptions. Over a month after being booked at the jail, Plaintiff's blood pressure medication was finally filled [*Id.*]. To date, his prescription for pain medication has not been filled [*Id.*].

[Doc. 10 at 1].

On March 21, 2018, Defendant filed this motion for summary judgment based upon Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA") and qualified immunity [Doc. 18].

II. **STANDARD OF REVIEW**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may consider the pleadings, discovery, affidavits, and other evidence on the record. *Id*. In the Sixth Circuit, there is a genuine issue of fact "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hendrick v. Reserve Care sys.*, 355 F.3d 444, 451 (6th Cir. 2004). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out

2

the absence of support in the record for the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

Plaintiff is proceeding pro se. The Court must "liberally construe the briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). At the same time, however, "the lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and courts have not "been willing to abrogate basic pleading essentials in pro se suits," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

III. **MOTION FOR SUMMARY JUDGMENT**

In support of his motion for summary judgment, Defendant argues that (1) Plaintiff has failed to comply with the Prison Litigation Reform Act because he did not exhaust his administrative remedies prior to filing this action; and (2) Defendant is entitled to qualified immunity inasmuch as the undisputed facts established that he was not deliberately indifferent to

any serious medical need of Plaintiff and did not violate Plaintiff's constitutional rights or, alternatively, that a reasonable Sheriff could have believed that his actions did not violate Plaintiff constitutional rights based upon clearly established law [Doc. 16 at 1]. Because the Court finds that Defendant is entitled to qualified immunity, it need not address whether Plaintiff exhausted his administrative remedies.

### A. QUALIFIED IMMUNITY

Defendant argues that he is entitled to dismissal of Plaintiff's claim against him on the basis of qualified immunity [Doc. 16]. "A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *See Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts and presented evidence[1] showing that the defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

---

[1] A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. *See Riverdale Mills Corp. v. Pimpare*, 392 F.3d 55, 62 (1st Cir. 2004). At the summary judgment stage, a plaintiff may not rely on his pleadings. Rather, the issue is whether "the plaintiff has offered sufficient evidence to indicate that what the official did was objectively unreasonable in light of the clearly established constitutional rights." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 905 (6th Cir. 2004); *See Merriweather v. Zamora*, 569 F.3d 307, 315 (6th Cir. 2009).

Once Defendant raises the qualified immunity defense, it is Plaintiff's burden to show that Defendant is not entitled to qualified immunity. *See Smith v. Erie County Sheriff's Dep't*, 603 F.3d 414, 418 (6th Cir. 2015) ("Qualified immunity is a shield to § 1983 liability and, when raised, the burden to show that a defendant is not entitled to qualified immunity shifts to a plaintiff."); *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006). Here, Plaintiff has not presented evidence and argument sufficient to survive Defendant's motion for summary judgment based on a claim of entitlement to qualified immunity.

### B. ANALYSIS

In determining whether Defendant is entitled to qualified immunity, the Court must first define the right Plaintiff claims Defendant violated. *Pearson*, 555 U.S. at 231. "The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishment Clause of the Eighth Amendment, and is made applicable to convicted state prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868 (6th Cir. 2005). In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir .1994).

A "serious medical need" is defined "as one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). The

test for whether a defendant has demonstrated "deliberate indifference" to medical needs is a subjective inquiry into the defendant's state of mind rather than an objective test. Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care. *Estelle*, 429 U.S. at 106.

> Officials may be shown to be deliberately indifferent to such serious needs without evidence of conscious intent to inflict pain. However, the conduct for which liability attaches must be more culpable than mere negligence; it must demonstrate deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference.

*Horn by Parks*, 22 F.3d at 660 (citations omitted).

Defendant does not argue that Plaintiff did not have a serious medical need given that an outside physician prescribed him Narvask and Oxycodone. However, the issue lies in whether Defendant acted deliberately indifferent to Plaintiff's medical need.

In support of his motion for summary judgment, Defendant filed an affidavit testifying that "[a]t the time of [Plaintiff's] booking into the jail, the booking officer documented that he had been prescribed Norvask and Oxycodone" [Doc. 16-1 at ¶ 5]. Defendant states that "[n]o requests for any prescriptions on the part of [Plaintiff] were provided to [him]" [*Id*. at ¶ 6]. Further, he testifies that "[a]t no point did Deputy Cameron inform [Defendant] of any request by [Plaintiff] for any prescription medications" and "[a]t no point did [Defendant] instruct Deputy Cameron to deny [Plaintiff] any prescription medications, nor did [he] personally refuse to provide [Plaintiff] with any prescription medications" [*Id*. at ¶ 7 and 8]. "At all points during [Plaintiff's] incarceration, [Defendant] deferred to the jail's medical staff to determine what medications, if any, [Plaintiff]

6

needed" [*Id*. at ¶ 9].  In fact, Defendant states that "[u]ntil this lawsuit, [he] was not even aware that [Plaintiff] was claiming that he was denied prescriptions or medical care" [*Id*. at ¶ 10].

Plaintiff's response in opposition to Defendant's motion for summary judgment contains only conclusory assertions and fails to present any clear factual allegations from which a reasonably jury could find in his favor.  *See Moore v. Philip Morris Companies, Inc.*, 8 F.3d 335, 342 (6th Cir. 1993) ("[C]onclusory assertions are not sufficient to show a genuine issue of fact necessary for the denial of summary judgment.").  Specific to the qualified immunity assertion, Plaintiff reemphasizes the allegation asserted in his unsworn complaint stating that Defendant ordered Deputy Cameron to deny him medication.  However, he fails to provide any further evidence or argument to support such assertion or to counter Defendant's direct testimony that he was unaware of Plaintiff's prescriptions and that he did not order any deputy to deny prescription medication to Plaintiff [Doc. 16-1].

Plaintiff has failed to create an issue of fact to establish that Defendant was aware that Plaintiff had a serious medical need and that he deliberately ignored that need by denying medication to Plaintiff.  Thus, the first prong of the qualified immunity analysis has not been satisfied as nothing in the record indicates that Defendant violated Plaintiff's constitutional right.  The Court finds that Defendant is entitled to qualified immunity and this case will be dismissed.

## C. CONCLUSION

For the reasons stated herein, the Court will **GRANT** Defendant's motion for summary judgment [Doc. 16] and this case will be **DISMISSED**.  The Court will enter an order consistent with this opinion.

ENTER:

                                                s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE